**No. 57391.**—Quon 'Quon Company v. United States, protests 156725–K, etc. (Los Angeles).

EKWALL, Judge: The merchandise involved in these protests, which were consolidated at the trial, consists of silent butlers and so-called brass iron trays imported from China and entered on various dates between May 4, 1949, and February 24, 1950. It was assessed by the collector at 30 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as smokers' articles. It is claimed to be dutiable at 15 per centum ad valorem under paragraph 339 of the said tariff act, as modified by the said trade agreement and the President's proclamation of May 4, 1948, T. D. 51909, as household utensils. All other claims in the protests have been abandoned.

The pertinent provisions of the tariff act, as modified, are as follows:

PAR. 1552 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802]. All smokers' articles whatsoever * * * and parts thereof, finished or unfinished, not specially provided for, of whatever material composed, except china, porcelain, parian, bisque, earthenware, or stoneware:

*  *  *  *  *  *  *

Other_____30% ad val.

PAR. 339 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909]. Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for * * *:

\*      \*      \*      \*      \*      \*      \*

Not plated with platinum, gold, or silver, and not specially provided for:

\*      \*      \*      \*      \*      \*      \*

Other:
Composed wholly or in chief value of brass_____15% ad val.

\*      \*      \*      \*      \*      \*      \*

The following stipulation was entered into as to the silent butlers involved herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protests enumerated in the annexed schedule which is incorporated herein:

1. That the merchandise represented by the items marked "A" and initialed W. R. F. by Wm. R. Fielding on the invoices accompanying the entries covered by these suits, assessed with duty at 30% ad valorem under Paragraph 1552, Tariff Act of 1930, as modified by T. D. 51802, consists of silent butlers, composed wholly or in chief value of brass, not plated, used chiefly for utilitarian purposes in the household, and are the same in all material respects as the merchandise the subject of *The Fan Company* v. *United States*, C. D. 1261, wherein the merchandise was held to be properly dutiable as household utensils under Paragraph 339 of said Act as modified by the Trade Agreement with Iran, T. D. 51067, at 30% ad valorem, which rate has subsequently been reduced by the General Agreements on Tariffs and Trade (T. D. 51909) to 15% ad valorem.

2. That the record in C. D. 1261 may be incorporated with the record in these cases.

3. That this stipulation may be incorporated into and become a part of the record made in open court at Los Angeles, California, on October 23, 1951, and that the protests herein be deemed submitted on this stipulation and the record thus made.

In view of this stipulation and on the authority of the decision cited therein, we hold that the merchandise represented by the items marked with the letter "A" on the invoices and with the initials of the examiner is properly dutiable at 15 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver.

At the trial, it was stipulated that the items referred to as brass iron trays were composed wholly or in chief value of brass, not plated with platinum, gold, or silver, and not colored with gold lacquer, nor composed of iron or steel, enameled, or glazed with vitreous glass.

Nine samples of the merchandise were introduced into evidence. They consist of articles, apparently of brass, each having a more or less circular bowl with a flat bottom and a long handle. The smallest has a bowl measuring about 2¾ inches across the top and a 2¾-inch handle. The largest has a bowl measuring about 4¾ inches across the top and a 4¾-inch handle.

Howard Tsan Fung, partner and manager of Quon Quon Company, testified that all of the brass iron trays involved herein are generally of the same shape as the samples and differ only as to size and decoration of the handle. He said that, except in size and material, they are representative of authentic Chinese charcoal irons used to iron clothing.

Subsequent to the hearing in the instant case, this court held in *Ignaz Strauss & Co., Inc.* v. *United States*, 28 Cust. Ct. 280, C. D. 1423, that merchandise described as miniature replicas of Chinese smoothing irons were classifiable under paragraph 339 of the Tariff Act of 1930 as household utensils. It has been stated by counsel

for the plaintiff in his brief and by counsel for the defendant in a notice submitted in place of a brief that the merchandise herein is similar in all material respects to that involved in the above-captioned case.

In view of these statements and upon examination of the record in the instant case and the samples submitted, we hold that the merchandise represented by the items described on the invoices herein as brass iron trays is properly dutiable at 15 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, as household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver.

The protests are sustained and judgment will be rendered accordingly.